

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1000
Philadelphia, PA 19107-3126
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Philadelphia Direct Dial: (267) 589-9700
FAX (215) 440-2606, 2632, 2822 & 2604
Website: www.eeoc.gov

**RECEIVED**
APR 1 3 2023
AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

Charge Number:   530-2022-02959

Lester J Chambers
15 Harrell Ave
Williamstown, NJ 08094                                    Charging Party
v.

Rowan University
201 Mullica Hill Road
Glassboro, NJ 08028                                       Respondent

## DETERMINATION

Under the authority vested in me by the Procedural Regulations of the Equal Employment Opportunity Commission (EEOC), I issue on behalf of the EEOC the following determination as to the merits of the subject charge filed Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Timeliness and all requirements for coverage have been met.

Charging Party alleges he was subjected to discriminatory terms and conditions of employment, harassment, denied training opportunities, unequal wages, and retaliation due to his race (African American), in violation of Title VII.

It is undisputed that Respondent failed to respond to the Commission's requests for a position statement which was due on October 23, 2022. Respondent was also requested to submit a statement of its position on the issues covered in the charge on three occasions.

Based on an analysis of the statements and documents provided, I have determined that the evidence establishes a violation of the Title VII for at least the following reasons:

Evidence of record supports that Charging Party was given discriminatory terms and conditions of employment, subjected to harassment, subjected to retaliation, denied training opportunities, and given unequal wages due to his race. There is sufficient evidence to establish a *prima facie* case of unlawful discrimination. Respondent's failure to provide a defense does not in any way hinder the Commission's finding and issuance of this determination of probable cause.

Upon finding reasonable cause that unlawful employment practices have occurred: the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Conciliation is Respondent's opportunity to voluntarily remedy the unlawful employment practices found to have occurred. Ultimately, any conciliation agreement must be acceptable to the Commission. The Commission representative will contact each party in the near future with proposed conciliation terms. Respondent is invited to respond to this proposal within 14 days of receipt.

If Respondent fails to engage in conciliation, or if the Commission determines, in its sole discretion, that conciliation has failed, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

3/17/2023
Date

Jamie R. Williamson
District Director