UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**LESTER JAY CHAMBERS**,

*Plaintiff*,

v.

**ROWAN UNIVERSITY**,

*Defendant*.

No. 23-cv-02094

**ORDER**

---

**THIS MATTER** comes before the Court by way of Defendant Rowan University's ("Defendant") Motion to Dismiss, with prejudice, *pro se* Plaintiff Lester J. Chambers' ("Plaintiff") Complaint, (ECF No. 1), pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Order to Enforce Settlement Agreement. (ECF No. 66); and

**WHEREAS,** Plaintiff filed this action on April 13, 2023 bringing claims under Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination. (ECF No. 1); and

**WHEREAS,** on April 29, 2024 the Parties attended a settlement conference in front of Magistrate Judge Sharon A. King and reached an agreement to settle all of Plaintiff's claims. (ECF No. 51); and

**WHEREAS,** on April 30, 2024, Plaintiff filed a letter with the Court indicating he no longer wished to proceed with the agreed upon settlement and asking the Court to dismiss the charges without prejudice. (ECF No. 53); and

**WHEREAS,** on June 7, 2024, Defendant filed a Motion to Enforce Settlement Agreement, (ECF No. 58), which Plaintiff opposed. (ECF No. 60). On November 26, 2024, Judge King issued a Report and Recommendation that Defendant's Motion to Enforce Settlement be granted, finding

that Plaintiff was informed of his rights at the April 29, 2024 settlement conference, affirmed his understanding of the consequences of his acceptance of the settlement agreement, and expressed his satisfaction with his *pro bono* representation. (ECF No. 63 at 6–7). Judge King concluded that Defendant met its burden of establishing that the Parties entered into a valid settlement agreement, and Plaintiff did not satisfy his burden of demonstrating duress. (ECF No. 63 at 6, 9); and

**WHEREAS,** on December 27, 2024, the Court adopted Judge King's Report and Recommendation and ordered Plaintiff to engage in good faith with Defendant to memorialize in writing the terms of the agreement reached during the April 29, 2024 settlement conference. (ECF No. 65); and

**WHEREAS,** per the Court's Order, Defendant provided Plaintiff with a settlement agreement for his review on January 8, 2025, which Plaintiff initially ignored. (Ex. D, ECF No. 66-6); and

**WHEREAS,** after a follow-up communication on February 4, 2025, Plaintiff replied to Defendant on February 25, 2025 and—in defiance of the Court's Order—stated that he was unwilling to accept the previously agreed upon settlement, reiterating his alleged duress and concerns with his *pro bono* representation. (Ex. F, ECF No. 66-8); and

**WHEREAS,** following Plaintiff's refusal to engage in memorializing the settlement agreement, Defendant filed the instant Motion on March 27, 2025. To date, Plaintiff has not filed any opposition or other response; and

**WHEREAS,** a district court must consider the following six factors before dismissing an action with prejudice for failure to comply with a court order under Rule 41(b): "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct

of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); and

**WHEREAS,** the Court finds that the first five *Poulis* factors weigh in favor of dismissal, and that the sixth factor—meritoriousness—is neutral such that, on balance, dismissal with prejudice is warranted. *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (finding that the meritoriousness factor is not controlling and "does not advance the analysis" of a case for dismissal); and

**WHEREAS,** as to the first factor of personal responsibility, because Plaintiff is *pro se*, he is "solely responsible for the progress of his case," and his failure to comply with the Court's Order. *Russo v. Gov't Emps. Ins. Co.*, 345 F.R.D. 65, 75 (D.N.J. 2023) (citation omitted) (finding *pro se* plaintiff personally responsible); and

**WHEREAS,** regarding the second factor of prejudice to the adversary, Defendant has been prejudiced by the costs imposed on them to gain Plaintiff's compliance with the Court's Order. *Cummings v. Allstate Ins. Co.*, 2012 WL 2327855, at *5 (E.D. Pa. June 19, 2012) (citing *Poulis*, 747 F.2d at 868; *Adams v. Trs. of N.J. Brewery Emp.'s Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (finding costs imposed on defendant to gain compliance with court orders is prejudicial); and

**WHEREAS,** under the third *Poulis* factor—history of dilatoriness—fourteen months have elapsed since the Parties reached their settlement agreement, and the Court granted Defendant's Motion to Enforce the Settlement Agreement seven months ago. During that time, Plaintiff has failed to meaningfully respond to Defendant's attempts to finalize the settlement agreement on several occasions, reflecting a sustained pattern of delay sufficient to satisfy this factor. *Russo*, 345

F.R.D. at 77 (finding that a "meaningful period of delay" satisfies this factor, including a period of fourteen months); and

**WHEREAS,** under the fourth factor of willful conduct, Plaintiff has demonstrated willful conduct with respect to his failure to provide an adequate explanation for his refusal to comply with the Court's Order. *Roman v. City of Reading,* 121 F. App'x 955, 960 (3d Cir. 2005) (plaintiff's failure to provide explanation of shortcomings satisfied the willfulness factor); and

**WHEREAS,** with regards to the fifth factor of alternative sanctions, given Plaintiff's *pro se* status, the Court concludes that sanctions other than dismissal would be ineffective. *Briscoe v. Klaus*, 538 F.3d 252, 262–263 (3d Cir. 2008) (holding that, in the absence of an attorney to impose expenses on, dismissal was the only appropriate sanction); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding that monetary sanctions would not be an "effective alternative" to dismissal in a *pro se* case); and

**WHEREAS,** under the sixth *Poulis* factor—the meritoriousness of the claim or defense—the Court finds this factor to be neutral, given that the Parties entered into a settlement agreement resolving the underlying claims, and the present dispute concerns enforcement of that agreement rather than the merits of the original claims; therefore

**IT IS HEREBY** on this __2nd__ day of _June_, 2025,

**ORDERED** that Defendant's Motion to Dismiss with Prejudice Pursuant to Rule 41(b), (ECF No. 66), is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED WITH PREJUDICE**; and it is finally

**ORDERED** that the Clerk of the Court shall close the case accordingly.

**SO ORDERED**.

**CHRISTINE P. O'HEARN**
UNITED STATES DISTRICT JUDGE